UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEATHER ROLL; COLLEEN
RONAN; and DAVID K. RONAN;
individually and on behalf of all others
similarly situated,

      Plaintiffs,                              Case No.: 6:20-cv-212

v.

ENHANCED RECOVERY
COMPANY, LLC d/b/a
ENHANCED RESOURCE CENTERS;

      Defendant.

_____/

**CLASS ACTION COMPLAINT AND**
**<u>DEMAND FOR JURY TRIAL</u>**

    1.     Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiffs, HEATHER ROLL; COLLEEN RONAN; and DAVID K. RONAN, file this Complaint as a matter of right and sue ENHANCED RECOVERY COMPANY, LLC d/b/a ENHANCED RESOURCE CENTERS, (hereinafter "Defendant"), on behalf of themselves and similarly situated a) plan participants and b) qualified beneficiaries, alleging Defendant failed to provide required notices of the putative class members' right to continued health care coverage under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

    2.     Defendant, offered a qualified group health plan to its employees as a part of their benefit package ("Plan"). Defendant has violated ERISA by failing to provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon the occurrence of a "qualifying event" as

defined by the statute.  As a result of these violations, which threaten Class Members' ability to maintain health coverage, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

4.      Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because the statutory violations at issue took place in this District, and Defendant has business operations in this District.

## PARTIES

5.      Plaintiff HEATHER ROLL is a Florida resident and former employee of Defendant who was a covered employee and participant in the Plan the day before the termination of her employment on or about November 9, 2019, which was a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering her a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3).

6.      Plaintiff COLLEEN RONAN is a Florida resident and former employee of Defendant who was a covered employee and participant in the Plan the day before the termination of her employment on or about November 9, 2019, which was a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering her a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3).

7.      Plaintiff  DAVID K. RONAN is a Florida resident and a qualified beneficiary under the Plan the day before his spouse, Plaintiff Colleen Ronan was terminated by Defendant, which is a qualifying within the meaning of 29 U.S.C. § 1163(2), rendering him a

qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3).

8.      Defendant is a foreign limited liability company with its headquarters in

Tallahassee, Florida which employed over 200 employees in Melbourne, Florida until it closed

the facility on or about November 9, 2019. More than 20 people were members of the Plan at

the time the call center was closed.   Defendant continues to operate several facilities across

Florida and Georgia.

9.      Defendant is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B),

and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan

provides medical benefits to employees and their beneficiaries, and is an employee welfare

benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the

meaning of 29 U.S.C. § 1167(1).

## FACTUAL ALLEGATIONS

### COBRA Notice Requirements

10.     The COBRA amendments to ERISA include certain provisions relating to

continuation of health coverage upon termination of employment or another "qualifying event"

as defined by the statute.

11.     Among other things, COBRA requires the plan sponsor of each group health

plan normally employing more than 20 employees on a typical business day during the

preceding year to provide "each qualified beneficiary who would lose coverage under the plan

as a result of a qualifying event … to elect, within the election period, continuation coverage

under the plan." 29 U.S.C. § 1161.

12.     COBRA further requires the administrator of such a group health plan to provide

notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon

the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

13.    The relevant regulations prescribed by the Secretary of Labor concerning notice of continuation of coverage rights are set forth in 29 C.F.R. § 2590.606-4 and the Appendix thereto.

Section 2590.606-4(b)(1), states:

Except as provided in paragraph (b)(2) or (3) of this section, upon receipt of a notice of qualifying event …, the administrator shall furnish to each qualified beneficiary, not later than 14 days after receipt of the notice of qualifying event, a notice meeting the requirements of paragraph (b)(4) of this section.

Section 2590.606-4(b)(4), in turn, provides as follows:

(4)    The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:

(i)    The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits;

(ii)    Identification of the qualifying event;

(iii)    Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;

(iv)    A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;

(v)      An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made;

(vi)      An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;

(vii)      A description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either by providing a description of the coverage or by reference to the plan's summary plan description;

(viii)      An explanation of the maximum period for which continuation coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period;

(ix)      A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401 et seq. or 1381 et seq.) (SSA), that the qualified beneficiary is disabled, and the length of any such extension;

(x)      In the case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying event and notice of a disability determination under the SSA, along with a description of the plan's procedures for providing such notices, including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled;

(xi)    A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

(xii)    A description of the due dates for payments, the qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should be sent, and the consequences of delayed payment and non-payment;

(xiii)    An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and

(xiv)    A statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete information regarding such rights is available in the plan's summary plan description or from the plan administrator.

14.    To facilitate compliance with these notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4.  A copy of this Model Notice is attached hereto as Exhibit A.  The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

15.    In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1).  In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1).

***Defendant Failed to Provide Notice and Fails to Comply with COBRA***

16.      Defendant did not provide notice to the Plaintiffs impacted by its closure of the call center notice of their rights to continuation coverage.

***Named Plaintiffs and Putative Class Representatives***

17.      Plaintiffs Colleen Ronan and Heather Role were employed by Defendant in the call center in Melbourne, Florida.

18.      Plaintiffs COLLEEN RONAN and HEATHER ROLL experienced a qualifying event (termination of employment) in November 2019.  Importantly, for purposes of COBRA, Plaintiff were not terminated for gross misconduct.  They were terminated as part of a reduction in force announced by the company in September 209, which resulted from the closure of the call center in Melbourne, Florida.

19.      Plaintiff DAVID K. RONAN is a qualified participate in the Plan by virtue of his relationship as the spouse of Plaintiff Colleen Ronan. Plaintiff DAVID K. RONAN experienced a qualifying event when his spouse was terminated in November 2019 as part of a reduction in force announced by the company in September 2019, which resulted from the closure of the call center in Melbourne, Florida.

20.      Following this qualifying event, Defendant, in its capacity as plan administrator, was obligated to provide notice to Plaintiffs of their rights under COBRA.

21.      Defendant has failed provide Plaintiffs with any COBRA notice whatsoever from November 2019 to the present.

***Plaintiff's First Concrete Injury: Informational Injury***

22.      First, in accordance with the Eleventh Circuit's recent decision in *Church v. Accretive Health, Inc.*, 2016 U.S. App. LEXIS 12414, *1 (11th Cir. July 6, 2016), Plaintiff

suffered a concrete informational injury because Defendant failed to provide Plaintiffs and the

putative class members with information to which they were entitled to by statute, namely an

ERISA-compliant COBRA notice.  Through the FCRA, Congress has created a new right—

the right to receive the required Notice as set out in ERISA—and a new injury—not receiving

a proper Notice.  The Plaintiffs' "inability to obtain [that] information" is therefore, standing

alone, "a sufficient injury in fact to satisfy Article III." *Spokeo*, 136 S. Ct. at 1549.

23.     Pursuant to ERISA, Plaintiffs was entitled to receive certain information at a

specific time after a qualifying event, namely a COBRA notice that complied with ERISA's

fourteen requirements.   By depriving Plaintiffs of this information, Defendant injured

Plaintiffs and the putative class members they seek to represent. *Public Citizen v. U.S.*

*Department of Justice*, 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins*, 524

U.S. 11 (1998).

### *Plaintiffs Second Injury: Loss of Insurance Coverage*

24.     Plaintiffs also suffered a tangible injury in the form of loss of insurance coverage

due to Defendant's failure to provide notice.  This easily gives Plaintiffs Article III standing.

The loss of insurance to Plaintiffs is a tangible loss of a valuable benefit, i.e., insurance

coverage.  Besides a paycheck, this is one of the most valuable things employees get in

exchange for working for any employer, including the Defendant.  Insurance coverage has a

monetary value, the loss of which is a tangible and economic injury clearly giving rise to

Article III standing.  This is especially true when a qualified beneficiary is unable to obtain

continuation coverage and instead must resort to more expensive and less preferable coverage

or moving forward with no coverage at all.

## CLASS ACTION ALLEGATIONS

25.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal

Rules of Civil Procedure on behalf of the following persons:

> **All participants and beneficiaries in the Defendant's Health Plan who were not sent a COBRA notice by Defendant during the applicable statute of limitations period as a result of a qualifying event, as determined by Defendant**.

26.     No administrative remedies exist as a prerequisite to Plaintiffs' claim on behalf

of the Putative Class.

27.     **Numerosity**:  The Class is so numerous that joinder of all Class members is

impracticable.  On information and belief, 218 employees were laid off in November 2019,

most of which were plan participants and most of which also enrolled their family members in

this insurance plan and thus several hundred individuals satisfy the definition of the Class.

28.     **Typicality**:  Plaintiffs' claims are typical of the Class.  The COBRA notice that

Defendant was obligated to send the Plaintiffs was a form notice that was to be uniformly

provided to all Class members.  As such, the COBRA notice that Plaintiffs were entitled to

receive was typical of the COBRA notices that other Class Members were entitled to receive.

29.     **Adequacy**:  Plaintiffs will fairly and adequately protect the interests of the Class

members, they have no interests antagonistic to the class, and have retained counsel

experienced in complex class action litigation.

30.     **Commonality**:  Common questions of law and fact exist as to all members of

the Class and predominate over any questions solely affecting individual members of the Class,

including but not limited to:

a.  Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

b.  Whether Defendant failed to provide any notice of Planitffs' COBRA rights in compliance with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

c.  Whether statutory penalties should be imposed against Defendant under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

d.  The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

e.  Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

31.    Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.  Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

32.    Plaintiff intends to send notice to all Class Members to the extent required by Rule 23(c)(2) of the Federal Rules of Civil Procedure.

33.    The names and addresses of the Class Members are available from

Defendant's records.

## CLAIM I FOR RELIEF

### *Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4*

34.    The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

35.    Defendant is the administrator of the Plan, and was subject to the continuation of coverage and notice requirements of COBRA.

36.    Plaintiffs and other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

37.    On account of such qualifying event, Defendant was obligated to send Plaintiffs and the Class Members a COBRA notice in the form attached hereto as Exhibit B.

38.    Defendant failed to send any notice.

39.    These violations were material and willful.

## PRAYER FOR RELIEF

*WHEREFORE*, Plaintiffs, individually and on behalf of the Class, pray for relief as follows:

a.    Designating Plaintiffs' counsel as counsel for the Class;

b.    Issuing proper notice to the Class at Defendant's expense;

c.    Declaring that the failure by Defendant to send a COBRA notice violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

d.    Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3);

e.    Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was not sent a CBRA notice

through and until the date a notice which meets all requirements under 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 is provided to each of the Plaintiffs and Class Members;

f.      Awarding attorneys' fees, costs and expenses to Plaintiffs' counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

g.      Granting such other and further relief, in law or equity, as this Court deems appropriate.

Dated this 7th day of February, 2020.

Respectfully submitted,

**DONNA V. SMITH**
Florida Bar Number: 661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida  33602
Main Number: 813-224-0431
Direct Dial: 813-386-0995
Facsimile: 813-229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**