**HEATHER ROLL, DAVID K. RONAN
and COLLEEN RONAN,**

          **Plaintiffs,**

**v.**                                             **Case No: 6:20-cv-212-RBD-EJK**

**ENHANCED RECOVERY COMPANY,
LLC and UNITED HEALTHCARE
SERVICES, INC.,**

          **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This cause comes before the undersigned, referred from the Court, on the parties' Joint Motion to Reopen Case for Further Proceedings (the "Motion"), filed March 25, 2021. (Doc. 58.) Therein, the parties request the Court reopen this action to consider the parties' Joint Stipulation Regarding Class Certification (Doc. 52). (*Id.* at 1.) Upon consideration, I respectfully recommend that the Motion be granted.

## I.      BACKGROUND

In February 2020, Plaintiffs instituted this class action against their former employer, Defendant Enhanced Recovery Company, LLC ("Enhanced Recovery"), because it allegedly failed to provide them with adequate notice of their rights pertaining to the continuation of their healthcare coverage upon their termination. (Compl., Doc. 3 ¶¶ 10–16.) Plaintiffs allege that this failure violated the Employee Retirement Income Security Act of 1974, as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). (Doc. 3 at 1.) The Court entered a Case Management and Scheduling Order ("CMSO"), which provided a mediation deadline of November 11, 2020. (Doc. 41 at 2.)

The parties attended a mediation on October 9, 2020. (Mediation Report, Doc. 51 at 1.) The mediator completed the Mediation Report, wherein he indicated that "all individual parties and their respective counsel" and "designated corporate representatives" attended and participated in mediation. (*Id.* at 1.) The mediator noted that "[t]he case has been completely settled. . . . lead counsel will promptly notify the Court of settlement." (*Id.* at 2.) Thereafter, in light of the Mediation Report, the Court dismissed the action with prejudice, "subject to the right of any party to move the Court within sixty . . . days thereafter for the purpose of . . . on good cause shown, to reopen the case for further proceedings." (Doc. 52 at 1.) Two days later, the parties filed a Joint Stipulation Regarding Certification of Class ("Joint Stipulation") followed by their Joint Motion for Preliminary Approval of Class Action Settlement ("Motion for Class Settlement"). (Docs. 53, 54.)

The action was closed when the parties filed the Joint Stipulation and the Motion for Class Settlement. Weeks passed, and neither party moved to reopen the case. This prompted the Court to enter an order to show cause as to why they filed the Joint Stipulation and the Motion for Class Settlement without first moving to reopen the action. (Doc. 56.) The parties responded and filed the instant Motion. (Docs. 57, 58.)

## II.    STANDARD

Under Rule 60(b), a party may request relief from a final judgment, such as an order that dismisses a case. Fed. R. Civ. P. 60(b); *see also Vilarino v. Radisson Hotel Int'l Drive, LLC*, No. 6:10-cv-1530-Orl-22GJK, 2011 WL 13323234, at *2 (M.D. Fla. Mar. 21, 2011) (setting aside an order dismissing a case without prejudice under Rule 60 and, accordingly, directing the Clerk to re-open the case). Under Rule 60(b), the Court may vacate a dismissal order if the moving party makes a showing of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason

that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). "But 'Rule 60(b) motions are directed to the sound discretion of the district court,' and the Eleventh Circuit 'will set aside the denial of relief from such motion only for abuse of that discretion.' *Ryan v. Allstate Ins. Co.*, No. 19-61120-CIV, 2020 WL 7353898, at *3–4 (S.D. Fla. Dec. 15, 2020) (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009)).

## III.  DISCUSSION

In the Motion, the parties explain that at the end of the October 9, 2020 mediation, the parties "executed a mediation term sheet outlining the tentative *class settlement* as well as the procedure and timeline for seeking court approval for the same." (Doc. 58 at 2 (emphasis added).) The parties were still finalizing the class settlement documents when the mediator filed the Mediation Report. (*Id.*) The parties explain that the meditator erroneously indicated that the case was fully settled instead of explaining that the parties reached a tentative class settlement. They were aware of the Court's dismissal order, but they went ahead and filed the Motion for Class Approval, believing it would prompt the Court to reopen the case. (*Id.* at 3.) The parties based their belief on the language from the dismissal order providing that the case was dismissed "'subject to the right of any party to move the court within sixty . . . days, on good cause shown, to reopen the case for further proceedings.'" (*Id.*) (quoting Doc. 52).

The parties explain that by not reopening the action, "the underlying tentative class settlement [would be] void and unenforceable." (Doc. 58 at 5.) They also assert that there would be "significant prejudice by the lack of an enforceable settlement agreement." (*Id.*) Once the parties learned of their error, they quickly filed the instant Motion. The undersigned finds that the above explanation amounts to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The parties indicated that they misunderstood the effect of their Joint Motion, and when

they learned of their error, the parties promptly sought relief. As such, I find that the parties have demonstrated that they are entitled from relief from judgment—reopening this action—pursuant to Rule 60.

## IV.    RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Motion;

2. **REOPEN** this action.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.**

Recommended in Orlando, Florida on June 3, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties