IN THE UNITED STATES DISCTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEATHER ROLL;
COLLEEN M. RONAN; and
DAVID K. RONAN,
     Plaintiffs,

v.                         Case No.:  6:20-cv-212-Orl-37EJK

ENHANCED RECOVERY
COMPANY, LLC d/b/a ENHANCED
 RESOURCE CENTERS d/b/a ERC,
     Defendant.
_____/

## UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On December 17, 2021, the Court granted the Parties' Joint Motion for Preliminary Approval of the class-wide settlement ("Settlement") of the COBRA claims asserted against Defendant. (Doc. 68). The Settlement provides significant and immediate monetary relief to the class of fifty-one individuals. Notice has been sent out to Class Members and the reaction has been positive and no Class Members have opted out or objected. Given the Settlement's reasonableness, fairness, adequacy, and the favorable reaction of the Class, following the Fairness Hearing Scheduled for September 27, 2022, the Court should grant Final Approval of the Settlement.

## BACKGROUND

### A. Summary of Litigation and Settlement Overview.

On February 7, 2020, Plaintiffs filed this putative class action lawsuit alleging violation of the Employee Retirement Income Security Act of 1974

("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606, seeking statutory penalties pursuant to 29 U.S.C. § 1132. On April 4, 2020, Defendant filed an Answer denying the material allegations in the Complaint.  Shortly thereafter, Defendant filed a third-party complaint against United Healthcare Services, Inc. ("UHC").  In the third-party complaint, Defendant alleged that it contracted with UHC for the performance of COBRA administration duties, including providing timely COBRA election notices to qualifying participants and beneficiaries. However, despite receiving timely notice from Defendant of a qualifying event, UHC failed to provide COBRA election notices to the Plaintiffs and putative class members. The notices were eventually mailed (albeit late), causing Plaintiffs sufficient economic and informational harm to confer standing here. UHC has since been dismissed from the case.

Between April and September 2020, the parties engaged in extensive written discovery regarding Plaintiffs' claims, alleged damages, and Defendant's defenses to Plaintiffs' claims.  Through discovery, the parties determined that fifty-one participants and beneficiaries did not receive timely COBRA election notices.

Following their extensive discovery efforts, on October 9, 2020, the Parties participated in a mediation before highly-respected mediator Carlos J. Burruezo, who is well-versed in COBRA class action cases.  After a lengthy mediation the Parties were able to reach a potential class-wide resolution for which they now seek final court approval.

The Parties filed their initial Motion for Preliminary Approval of Class Action Settlement on October 30, 2020. (Doc. 54). The Court denied that Motion, but allowed the Parties to re-file their Motion to address several issues raised in the Court's Order. The Renewed Joint Motion addressing those issues was filed on August 6, 2021. (Doc. 63). The motion was granted by the Court on December 17, 2021. (Doc. 68).

The Settlement Agreement, available at Doc. 63-4, provides for settlement payments in the amount of $1,305.00 to each member of the class of fifty-one members. This amount greatly exceeds the amounts awarded to class members in similar cases. *See Holmes v. WCA Mgmt. Co., L.P.*, 20-cv-00698-ORL-40LRH (M.D. Fla. June 29, 20210 (Doc. 51), *Silberstein v. Petsmart, Inc.*, 8:19-cv-02800-SCB-AAS (M.D. Fla. December 4, 2020) (Doc. 38), *Valdivieso v. Cushman & Wakefield, Inc.*, M.D. Fla. Case No.: 8:17-cv-00118-SDM-JSS (M.D. Fla. Dec. 7, 2018) (Doc. 92), *Hicks v. Lockheed Martin Corp, Inc.*, 8:19-cv-00261-JSM-TGW (M.D. Fla. Sept. 5, 2018) (Doc. 34), *Carnegie v. FirstFleet Inc.*, M.D. Fla. Case No.: 8:18-cv-01070-WFJ-CPT (M.D. Fla. June 21, 2019), (Doc. 63), and *Vazquez v. Marriott Int'l, Inc.*, M.D. Fla. Case No. 8:17-cv-00116-MSS-MAP (Feb. 27, 2020, Doc. 127).

## B. Preliminary Settlement Approval and Motion for Attorney's Fees and Costs.

On December 17, 2021, the Court granted the Parties' Joint Motion for Preliminary Approval of the class-wide settlement. (Doc. 68). On February 10,

2022, Plaintiffs filed an unopposed motion for attorney's fees and costs totaling $65,000 in attorney's fees and up to $2,500 in out-of-pocket litigation costs. (Doc. 69). On August 9, 2022, the Court ordered that this motion will be renewed and reviewed after the fairness hearing takes place on September 27, 2022. (Doc. 75).

### C. Class Notice.

On December 30, 2021, the settlement administrator mailed the Class Notice that was approved by the court to 51 class members. As of the date of this motion, no class members have opted out of the settlement and no objections to the settlement were filed.

### D. Relief to Be Provided After the Settlement Becomes Effective.

The schedule for payment to the Class Members is laid out in the Settlement Agreement. (Doc. 63-4). After the Settlement was granted preliminary approval, Defendant deposited the Settlement Fund with the Settlement Administrator, American Legal Claim Services, LLC. If the settlement is granted final approval, the Settlement Administrator will send the Settlement Class Members payment via U.S. Mail within ten days of the effective date as defined by the Agreement. Each Settlement Class Member will have 60 days from the date listed on the check issued them to deposit or cash the check. If the check is not deposited or cashed within sixty days, the unclaimed payments will be sent to the Florida Department of Financial Services, Division of Unclaimed Property.

### ARGUMENT

### A. Legal Standard.

Under Federal Rule of Civil Procedure 23(e), any settlement agreement that binds absent class members requires judicial approval and a determination that the settlement is fair, reasonable and adequate. The decision whether to approve a proposed class action settlement is "committed to the sound discretion of the district court." *In re U.S. Oil & Gas Litig.,* 967 F.2d 489, 493 (11th Cir. 1992). In exercising this discretion, the Court should bear in mind that "public policy strongly favors the pretrial settlement of class action lawsuits." *Id.* at 493; *see also In re Sunbeam Sec. Litig.,* 176 F. Supp. 2d 1323, 1329 (S.D. Fla. 2001) (court "should always review the proposed settlement in light of the strong judicial policy that favors settlements.") (internal citation omitted).[1]

When examining the fairness, adequacy, and reasonableness of a settlement, the Eleventh Circuit requires a district court to examine a number of factors, including: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *In re CP Ships Ltd. Securities Litigation*, 578 F.3d 1306, 1317-18 (11th Cir. 2009) (*quoting Bennett*, 737 F.2d at 986), *abrogated on other grounds by Morrison v. Nat'l Australia Bank*

---

[1] See also, *Pierre-Val v. Buccaneers Ltd. Partn.*, 2015 U.S. Dist. LEXIS 81518 at *2-3 (M.D. Fla. June 17, 2015) ("Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits.") (internal citation omitted).

*Ltd.*, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010). When evaluated under these factors, the Settlement "is fair, adequate, and reasonable."

### B. Plaintiffs and the Settlement Class Would Have Faced Significant Risks at Trial.

Plaintiffs and the Settlement Class would have faced significant obstacles and risks if this case were to proceed to trial. Litigation also would have been complicated, protracted, and expensive. Defendant asserted several defenses which, collectively, increased the risk of the class being unable to establish liability and damages.

With respect to establishing Defendant's liability in this case, the Court has not yet made any substantive rulings on the claims that Plaintiffs have alleged. Further, the Court has not had the chance to review the extensive discovery conducted by the Parties which Defendant contends supports its positions. Lastly, the court has not considered the potentially dispositive legal arguments made by Defendant.

With respect to damages, Plaintiffs and the Class faced risk because the pertinent regulations provide for a maximum statutory penalty of $110, but no minimum penalty. *See* 29 C.F.R. § 2575.502c-1. Whether or not to award statutory penalties – and the amount of penalties up to the $110 maximum – is left within the discretion of the court. Although Plaintiffs believe (but Defendant disputes) they and the class would have been entitled to recover damages for the claims they assert, there is a risk that Plaintiffs may recover nothing even if the Court were to

determine that Defendant violated the COBRA regulations at issue here.[2]

By settling the case at this juncture, Plaintiffs and the Settlement Class will receive class-wide monetary and prospective relief, whereas they faced significant risks of obtaining nothing if Plaintiffs continued to litigate the case. The risks associated with continued litigation and the burdens of class litigation strongly favor approval of the Settlement. As stated in *In re Shell Oil Refinery, 155* F.R.D. 552, 560 (E.D. La. 1993):

> The Court should consider the vagaries of litigation and compare the significance of immediate recovery by way of compromise to the mere possibility of relief in the future, after protracted and expensive litigation. In this respect, it has been held proper to take the bird in the hand instead of a prospective flock in the bush.

(internal brackets and quotation marks omitted). In light of the foregoing risks, the proposed Settlement achieves both a reasonable and prudent, timely, and cost-effective resolution of this case for the benefit of the Settlement Class Members.

## C. This Settlement Provides Significant Relief to the Class Members.

As detailed above, the Settlement provides substantial relief to the Class Members. Each Class Member will receive $1,305.00. The maximum daily penalty that can be assessed upon a Defendant for the COBRA violations alleged by Plaintiffs is $110. Ninety-seven days elapsed between the qualifying event requiring Defendant to provide compliant COBRA notices to the Named Plaintiffs

---

[2] *See, e.g., Ctr. For Orthopedics & Sports Med. V. Horizon*, 2015 U.S. Dist. LEXIS 133763, *16 (D.N.J. Sept. 30, 2015) (court did not impose statutory penalty because administrator did not act in bad faith); *Cole v. Trinity Health Corp.*, 2014 U.S. Dist. LEXIS 7047, *22 (N.D. Iowa Jan. 21, 2014) *aff'd* 774 F.3d 423 (8th Cir. 2014) (court did not award statutory penalty even though administrator did not send COBRA notice to plaintiff because administrator acted in good faith and plaintiff suffered no damages).

and the date on which Plaintiffs received those notices on February 14, 2020. If the Court were to award the maximum daily penalty for each day, the Named Plaintiffs would each receive $10,670. The recovery obtained by this Settlement would represent approximately 12% of the maximum recovery available to the Named Plaintiffs. The remainder of the Class Members would, in theory, be entitled to a similar amount.

This greatly exceeds the range of reasonableness for settlement purposes. *See In re Rite Aid Corp. Sec. Litig.,* 146 F. Supp. 2d 706, 715 (E.D. Pa. 2001) (noting that since 1995, class action settlements have typically "recovered between 5.5% and 6.2% of the class members' estimated losses"); *Behrens v. Wometco Enters., Inc.,* 118 F.R.D. 534, 542 (S.D. Fla. 1988) ("A settlement can be satisfying even if it amounts to a hundredth or even a thousandth of a single percent of the potential recovery."). The Settlement's monetary relief is particularly reasonable in this case because it was possible that Settlement Class Members could have recovered no monetary damages even if they were successful on the merits. Moreover, under the Settlement, ***all*** Settlement Class Members will share in the recovery, as they do not need to file a claim form in order to receive a settlement payment.

### D. This Settlement Allows the Parties to Avoid Complex, Costly, and Protracted Litigation.

Aside from the risks of litigation, continuing the litigation would have resulted in complex, costly, and lengthy proceedings before this Court and possibly the Eleventh Circuit. This would have significantly delayed relief to the Settlement

Class Members (at best) and might have resulted in no relief at all. In the absence of a settlement, Plaintiffs would have had to take multiple depositions, appear for their own depositions, engage in class certification motion practice, engage in summary judgment motion practice, prepare for trial, and present their case at a trial on the merits. The costs associated with these litigation proceedings would have been substantial. Even if Plaintiffs won certification of a litigation class and prosecuted the class claims to a successful conclusion, it is well within the realm of possibility that Defendant would have appealed any judgment entered against it, resulting in further expense and delay.

Complex litigation such as this "can occupy a court's docket for years on end, depleting the resources of the parties and taxpayers while rendering meaningful relief increasingly elusive." *In re U.S. Oil & Gas Litig.,* 967 F.2d at 493. By agreeing to a settlement now, Plaintiff and the Settlement Class have saved precious time and costs and have avoided the risks associated with further litigation. In other words, given the complexity, expense, burden, and likely duration of this litigation, the proposed Settlement is reasonable, fair, and adequate, and warrants approval.

### E. There Is No Opposition to the Settlement.

The Members of the Settlement Class had the opportunity to opt out of or object to the settlement until March 1, 2022. To that point, and even further into June 2022, no class members opted out of the settlement or submitted an objection. (Ex. A, Indra Decla. ¶¶ 9, 10). This overwhelmingly positive response to the Settlement Notice favors final approval of the Settlement. *See In re Checking*

*Account Overdraft Litig.,* 830 F. Supp. 2d 1330, 1343 (S.D. Fla. 2011) ("near 'unanimous approval of the proposed settlement[] by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement[].'") (internal citation omitted); *In re Motorsports Merch. Antitrust Litig.,* 112 F. Supp. 2d 1329, 1338 (N.D. Ga. 2000) ("The lack of objection to the settlements suggests that the terms are satisfactory to those affected.").

### F. Settlement Was Appropriate at This Stage of Proceedings.

The Parties engaged in eight months of adversarial litigation before the Parties were able to agree to settlement terms. The Parties engaged a lengthy mediation on October 9, 2020, with highly respected mediator Carlos Burruezo. By that time, the Parties had conducted extensive discovery. The information gained through discovery enabled Class Counsel to negotiate on an informed basis during the mediation.

The proposed Settlement is the product of arm's length negotiations that were overseen by an experienced and impartial mediator who was approved by the Court. (Doc. 42). This fact alone weighs in favor of approval. *See Perez v. Asurion Corp.,* 501 F. Supp. 2d 1360, 1384 (S.D. Fla. 2007) (concluding that class settlement was not collusive in part because it was overseen by "an experienced and well-respected mediator"). Where, as here, there "is no evidence of any kind that the parties or their counsel have colluded or otherwise acted in bad faith in arriving at the terms of the proposed settlement ... counsel's informed recommendation of the agreement is persuasive that approval is appropriate."

*Strube v. American Equity Inv. Life Ins. Co.*, 226 F.R.D. 696, 703 (M.D. Fla. 2005). As the Court found at the time of entering its order providing preliminary approval of the proposed Settlement, this settlement will resolve this action "fairly, adequately and reasonably." (Doc. 89 at 3.)

## <u>CONCLUSION</u>

For the foregoing reasons, the Parties believe that the Settlement is fair, reasonable, and adequate and, respectfully, request that the Court enter a Final Approval Order, as follows: (1) granting final approval of the Class Action Settlement Agreement between Plaintiff and Defendant; (2) affirming certification of the Settlement Class, as defined in the Settlement Agreement, for settlement purposes; (3) finding that the Notice of Class Action Settlement provided in this action satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (4) finding that the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class, and that each Settlement Class Member who did not submit a timely and valid request to opt out of the Settlement shall be bound by the Settlement Agreement; (5) dismissing on the merits and with prejudice all claims asserted in this Action on behalf of the Settlement Class against Defendant; and (6) permanently enjoining each and every Settlement Class Member (excluding those who submitted a timely and valid request to opt out), and any person actually or purportedly acting on their behalf, from bringing, joining, or continuing to prosecute any action against Defendant or any of the Released

Parties (as defined in the Settlement Agreement) asserting a claim covered by the Class Release set forth in the Settlement Agreement.

## LOCAL RULE 3.01(g) COMPLIANCE

Pursuant to Local Rule 3.01(g), Counsel for Plaintiff has conferred with counsel for the Defendant. Defendant has stated he does not object to the relief sought.

Dated this 16th day of September, 2022.

Respectfully submitted,

*s/ Steven G. Wenzel*
**STEVEN G. WENZEL**
Florida Bar Number: 159055
**DANIEL E. KALTER**
Florida Bar No.: 1025094
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida  33602
Main Number: 813-224-0431
Direct Dial: 813-223-6545
Facsimile: 813-229-8712
Email: swenzel@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiffs**

## \CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of September, 2022, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will send notice of electronic filing on all counsel and parties of record.

*s/ Steven G. Wenzel*
**STEVEN G. WENZEL**

12