UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HEATHER ROLL, DAVID K. RONAN, and COLLEEN RONAN,**

      Plaintiffs,

v.                                          Case No: 6:20-cv-212-RBD-EJK

**ENHANCED RECOVERY COMPANY, LLC,**

      Defendant.

## AMENDED REPORT AND RECOMMENDATION

The presiding District Judge remanded the undersigned's original Report and Recommendation (Doc. 73) for the undersigned to consider whether this case is a fee-shifting case rather than a common fund or constructive common fund case. (Doc. 79.) On October 4, 2022, Plaintiffs filed a Supplemental Brief in Support of Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs. (Doc. 82.) On October 27, 2022, the undersigned directed Plaintiffs to file additional supplemental briefing to support their request using the lodestar method (Docs. 83, 84), and Plaintiffs complied on November 10, 2022. (Doc. 85.) Based on the foregoing, the undersigned respectfully recommends that this case be considered a constructive common-fund case.

I. **BACKGROUND**

Plaintiffs Heather Roll, David K. Ronan, and Colleen Ronan filed the instant action on February 7, 2020, alleging that Defendant Enhanced Recovery Company, LLC (hereinafter "Enhanced Recovery"), failed to provide Plaintiffs with adequate notice of their rights pertaining to the continuation of their healthcare coverage upon their termination. (Doc. 3 ¶¶ 10–16.) On August 6, 2021, the parties filed a renewed joint motion for preliminary approval of class action settlement (Doc. 63), which the undersigned recommended that the Court approve. (Doc. 66.) On December 17, 2021, the Court adopted the report and recommendation and granted the joint motion for preliminary approval. (Doc. 68.)

Under the parties' Settlement Agreement, the certified class is defined as: "All participants and beneficiaries in the Defendant's Health Plan at Defendant's Melbourne, Florida facility who were not sent a timely COBRA notice by Defendant during the applicable statute of limitations period as a result of a qualifying event, as determined by Defendant." (Doc. 63 at 11.) The Settlement provides that Defendant will pay $137,750.00 in exchange for resolving all claims of Plaintiffs and the Settlement Class Members. (*See* Doc. 63.) Class Members will each receive $1,305.00. (*Id.* at 17.) The Agreement also provides that class counsel is authorized to file an unopposed petition for attorneys' fees of $65,000.00, and up to $2,500.00 in litigation costs. (*Id.* at 18.)

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 23(h), a court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement in a certified class action once a claim is made by motion under Federal Rule of Civil Procedure 54(d)(2). Fed. R. Civ. P. 23(h). The Court maintains an independent duty to review the reasonableness of an award of attorneys' fees under a class action settlement. *Tweedie v. Waste Pro of Fla., Inc.*, No. 8:19-cv-1827-AEP, 2021 WL 5843111, at *8 (M.D. Fla. Dec. 9, 2021). Courts should base an award for attorneys' fees from a common fund upon a reasonable percentage of the fund established for the benefit of the class. *Camden I Condo. Ass'n, Inc. v. Dunckle*, 946 F.2d 768, 774 (11th Cir. 1991). The Eleventh Circuit has acknowledged that the most common fee awards fall between 20% to 30% of the fund, suggesting an award of 25% of the fund as a benchmark and an award of 50% as the upper limit. *Id.* at 774–775.

Several factors are considered when determining the appropriate percentage to be awarded as a fee. *Id.* at 772. These factors include the: (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v.*

*Ga. Highway Express, Inc.*, 488 F.2d 714, 717–179 (5th Cir. 1974).[1] The Court should identify all factors upon which it relies and explain how each factor affects the award. *Camden I Condo.*, 946 F.2d at 775.

## III.   DISCUSSION

### A. Common Fund v. Fee-Shifting Analysis

When distinguishing a common fund from a fee-shifting case, the key factor is "whether the attorney's fees are paid by the client (as in common-fund cases) or by the other party (as in fee-shifting cases)." *In re Home Depot Inc.*, 931 F.3d 1065, 1079 (11th Cir. 2019). "[A] key element of the common fund case is that fees are not assessed against the unsuccessful litigant (fee shifting), but rather, are taken from the fund or damage recovery (fee spreading)." *Camden I Condo. Ass'n Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991.) Courts will award fees based on a reasonable percentage of the fund by applying the *Johnson* facts. *See Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 719 (5th Cir. 1974). Whereas, with fee-shifting cases, courts apply the "lodestar method" by which a reasonable fee award is derived by multiplying counsel's reasonable hourly rate by the number of hours counsel reasonably expended. *Hensley*

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981, are binding on the Eleventh Circuit). *Johnson* was abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 109 (1989). However, the *Johnson* factors remain viable in assessing a reasonably hourly rate in calculating attorney's fees. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) ("Although its balancing test has since been displaced by the lodestar formula, we have expressed our approval of district courts considering the *Johnson* factors in establishing a reasonable hourly rate." (citing *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).

*v. Eckerhart*, 461 U.S. 424, 433 (1983).

Under the Settlement Agreement, Defendants must pay a gross sum of $137,750.00, which includes class counsel's attorneys' fees. (Doc. 65-1 ¶ 5.) While Plaintiffs' Supplemental Brief provides case law and argument in support of a fee-shifting determination (Docs. 82, 85), persuasive case law nevertheless compels the undersigned to find that this is, in reality, a constructive-common-fund case. "The rationale for the constructive common fund is that the defendant negotiated the payment to the class and the payment to counsel as a 'package deal.'" *In re Home Depot*, 931 F.3d at 1080 (quoting *In re Heartland Payment Sys., Inc.*, 851 F. Supp. 2d 1040, 1072 (S.D. Tex. 2012)). Because the settlement sum and attorneys' fees were negotiated together, and the fees are deducted from the total amount that Defendants must pay, the undersigned recommends that this case be viewed as a constructive-common-fund case. *See Benson v. Leasing Co. of Orlando, LLC*, No. 6:20-cv-891-RBD-LHP, 2022 WL 4354846, at *2 (M.D. Fla. Sept. 20, 2022.)

### B. The Requested Award for Attorneys' Fees Should Be Granted.

Plaintiffs request a fee award of $65,000.00, and up to $2,500.00 in out-of-pocket litigation costs, for a total of $67,500.00. (Doc. 69 at 2.) Though the Motion is unopposed and the request is within the terms of the Settlement, the Court maintains a duty to evaluate the reasonableness of the request. *Tweedie*, 2021 WL 5843111, at *8.

Per the Settlement, Defendant agreed to pay $137,750.00, which includes $1,305.00 to each Settlement Class Member. The Motion requests that up to $67,500.00, or approximately 49%, of the fund be allotted to attorneys' fees. (Doc. 66

at 2.) This amount falls within the limit of 50% of the fund that the Eleventh Circuit suggested in *Camden* but is greater than the range that is generally recognized as a reasonable fee award in common fund cases. *See Nelson v. Mead Johnson & Johnson Co.*, 484 Fed. App'x 429, 435 (11th Cir. 2012) (noting that 25% of the common fund is generally recognized as a reasonable fee award). Moreover, Class Counsel's retainer agreement limits the attorneys' fees to "45% of any recovery achieved through settlement or trial." (Doc. 82-3 at 2.) While Class Counsel highlights the subsequent provision that allows Class Counsel to "negotiate with the defendant for an attorney's fee to be paid directly by the defendant" (Doc. 82 at 17 n.5), the undersigned nevertheless finds the amount stated in the retainer agreement instructive in determining a reasonable award, and finds that any award should be limited to 45% of the total settlement fund. *See Benson*, 2022 WL 4354846, at *2 (M.D. Fla. Sept. 20, 2022.)

Upon consideration of the *Johnson* factors, the undersigned finds an attorneys' fee award of 45% to be reasonable. The record demonstrates that the prosecution and settlement of the case required a considerable expenditure of time and labor, including time spent propounding discovery, preparing and attending mediation, and drafting a motion for final approval. (Doc. 69 at 9.) The case, being a class action, presented novel questions that required analysis of various legal theories, given the inherent complexity of class actions and the fact that there are relatively few COBRA class actions. *See generally Flores v. Acorn Stairlifts, Inc.*, No. 6:19-cv-844-Orl-40GJK, 2020 WL 9549901 (M.D. Fla. June 22, 2020), *report and recommendation adopted*, No. 6:19-

cv-844-Orl-40GJK, 2020 WL 9549900 (M.D. Fla. June 26, 2020) (noting that Rule 23 class actions are inherently complex); *Yates v. Mobile Cnty. Pers. Bd.*, 719 F.2d 1530, 1535 (11th Cir. 1983) (noting that complex cases require extensive research of the questions involved).

The complexity of these issues can be indicative of the level of skill needed to adequately try a case. *Yates*, 719 F.2d at 1535. As noted in their Declarations, the attorneys trying this case have decades of experience in cases of this nature. (Doc. 69-2 ¶ 5.) For example, attorney Luis A. Cabassa has been practicing law for nearly 27 years and has been appointed as class counsel in a number of class action cases. (*Id.* ¶¶ 3, 9.)

This case may also be considered "undesirable" by many attorneys due to the complexity of the legal questions and the risks of non-recovery. *Dukes v. Air Canada*, No. 8:18-cv-2176-T-60JSS, 2020 WL 487152, at *9 (M.D. Fla. Jan. 27, 2020), *report and recommendation adopted*, 8:18-cv-2176-T-60JSS, 2020 WL 496144 (M.D. Fla. Jan. 30, 2020) ("The prospect of engaging in and financing protracted complex litigation without obtaining a favorable recovery is not highly desirable"); (*see also* Doc. 66 at 13). The time and labor required, novelty and difficulty of the legal theories, level of skill needed to try the case, and undesirability of the case justify the requested reward. *Waters v. Cook's Pest Control, Inc.*, No. 2:07-cv-00394-LSC, 2012 WL 2923542, at *16 (N.D. Ala. July 17, 2012) (weighing time and labor, novelty and difficulty of the case, level of skill needed, and undesirability in favor of a larger award).

The undersigned also considers the attorneys' representations that this case required a significant amount of time throughout discovery and the time leading up to mediation. (Doc. 69-1 ¶¶ 24–29.) Accordingly, Class Counsel was limited in how much time could be devoted to other matters. (Doc. 69 at 13). Moreover, Class Counsel achieved a significant settlement that will provide meaningful monetary relief to all Class Members despite the inherent risks of litigation that could have resulted in no recovery at all. (*Id.* at 15.) Because Class Counsel states that it was not representing a long-term client in this matter, "[n]o weight is given to this factor." *Flores*, 2020 WL 9549901 at *4.

As noted in the Motion, the recovery in this settlement is significantly higher than other cases involving similar issues. *See generally Vazquez v. Marriott Int'l Inc.*, No. 8:17-cv-00116-MSS-MAP (M.D. Fla. Feb. 27, 2020, Doc. 127.) (approving gross recovery of $13.00 per class member); *Hicks v. Lockheed Martin Corp., Inc.*, No. 8:19-cv-00261-JSM-TGW (M.D. Fla. Sept. 5, 2019, Doc. 34) (approving gross recovery of $23.15 per class member). In light of the above considerations, the undersigned finds an attorneys' fee award equal to 45% of the fund to be reasonable.

### C. The Requested Award for Costs Should Be Reduced

Class Counsel also seeks reimbursement of litigation costs and expenses in the amount of $2,500.00, which Defendant does not oppose. Class Counsel has incurred costs, including the filing fee and service of process fee, in the amount of $472.85. (Docs. 69 at 20; 69-1 ¶ 37.) Under 28 U.S.C. § 1920, a filing fee and service of process fee constitute taxable costs. However, Class Counsel does not represent that any other

costs have been incurred, nor does Class Counsel present authority to support an award for out-of-pocket litigation costs that do not exist. Because Class Counsel has not provided justification for an award of $2,500.00, the award should be reduced to reflect the actual expenses incurred by Class Counsel. *See Mcguire v. Intelident Sols., LLC*, No. 8:18-cv-02995-T-23SPF, 2020 WL 10506642, at *9 (M.D. Fla. Sept. 2, 2020), *report and recommendation adopted*, 8:18-cv-02995-T-23SPF, 2020 WL 10506644 (M.D. Fla. Sept. 28, 2020) (recommending reducing recoverable costs from $19,973.70 to $490.30 as "most of the $19,973.70 in litigation costs represents litigation expenses rather than taxable costs under 28 U.S.C. § 1920"); *Milie v. City of Savannah*, No. 4:18-cv-117, 2020 WL 4041118, at *12 (S.D. Ga. July 16, 2020) (noting that because "Plaintiffs' costs do not fall within the purview of Section 1920" they are "therefore not recoverable").

### D. RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that the Court:

1. **GRANT IN PART** Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. 78).
2. **APPROVE** the attorneys' fees award of $61,987.50 to Plaintiffs' counsel.
3. **AWARD** Plaintiffs' counsel $472.85 in costs under 28 U.S.C. § 1920.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.**

Recommended in Orlando, Florida on January 5, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE