# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

HEATHER ROLL; DAVID K.
RONAN; and COLLEEN RONAN,

    Plaintiffs,

v.                                                     Case No. 6:20-cv-212-RBD-EJK

ENHANCED RECOVERY
COMPANY, LLC,

    Defendant.
_____

## FINAL APPROVAL ORDER

Before the Court are Plaintiffs' Unopposed Motion for Attorneys' Fees (Doc. 69 ("Fee Motion")), Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. 78 ("Settlement Motion")), and U.S. Magistrate Judge Embry J. Kidd's Report and Recommendation on the Fee Motion (Doc. 86 ("R&R")). Plaintiffs' Settlement Motion is due to be granted, the R&R adopted, and the Fee Motion granted in part.

Plaintiffs allege that after Defendant fired them, it failed to notify them of their right to continue healthcare coverage. (Doc. 3.) This failure, Plaintiffs allege, violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). (*Id.* ¶¶ 10–16.) So Plaintiffs filed a class action Complaint against

Defendant. (*Id.*) The parties agreed to settle the claims on a class wide basis and the Court preliminarily approved the settlement agreement. (Doc. 63-4 ("Settlement"); Doc. 68.) Plaintiffs now move unopposed for final approval of the Settlement and for attorney's fees and costs. (Docs. 69, 78.) Judge Kidd issued an R&R recommending that the Court grant the Fee Motion in part; neither party opposed. (Doc. 86.) After a fairness hearing (Doc. 92), the matter is ripe.

## I. Settlement Motion

First, the Settlement itself is fair. (*See* Doc. 78.) In deciding whether to finally approve a class action settlement, courts ensure it is "fair, reasonable, and adequate" based on several factors, such as whether the relief is adequate and the settlement treats all members equitably. *See* Fed. R. Civ. P. 23(e)(2). Courts must also assess whether there is opposition to the settlement and the stage at which the settlement was achieved, among other factors. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). Here, there is no question that the Rule 23(e)(2) and *Bennett* factors are met. There has been no opposition, the members are treated equitably, and the parties settled well into discovery, so the record was sufficiently developed. (Doc. 78, pp. 3, 6–10); Fed. R. Civ. P. 23(e)(2);[1] *Bennett*, 737 F.2d at 986;

---

[1] Rule 23(e)(1) also provides that the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." The notice procedure here was adequate, as the administrator distributed the forms by first-class mail and established a website. (Doc. 63, p. 18; Doc. 78-1, ¶ 8); *see Janicijevic v. Classica Cruise Operator, Ltd.*, No. 20-cv-23223, 2021 WL 2012366, at *2–3 (S.D. Fla. May 20, 2021); *see also In re Winn-Dixie Stores, Inc. ERISA Litig.*, No. 3:04-cv-194, 2008 WL 815724, at *4 (M.D. Fla. Mar. 20, 2008).

2

*see, e.g.*, *Janicijevic v. Classica Cruise Operator, Ltd.*, No. 20-cv-23223, 2021 WL 2012366, at *5 (S.D. Fla. May 20, 2021); *Kuhr v. Mayo Clinic Jacksonville*, 530 F. Supp. 3d 1102, 1118 (M.D. Fla. 2021). So the Settlement Motion is due to be granted, as the Settlement is fair, reasonable, and adequate, and final approval is appropriate.

## II. Fee Motion

Next, Plaintiffs request a fee award of $65,000, which is 49% of the settlement fund, and $2,500 in costs, for a total of $67,500. (Doc. 69, p. 2.) Judge Kidd recommends reducing these awards to $61,987.50 for fees, which is 45% of the settlement fund, and $472.85 for costs. (*See* Doc. 86, p. 9.) The parties did not object to this recommendation.

Courts must base attorney's fees awarded from a common fund on a reasonable percentage of the fund. *See Camden I Condo Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). When the fee exceeds 25% of the settlement fund, courts must consider, among other things, the novelty and difficulty of the issues involved and the time and labor required. *See Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 719 (5th Cir. 1974) (setting forth twelve factors); *see also Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1242–43 (11th Cir. 2011).

Here, the Court agrees with the unopposed R&R that an award of 45% of the settlement fund is reasonable, as the case was highly complex and had novel issues, the case may have been considered undesirable because of its complexity

3

and the risk of no recovery, class counsel achieved a significant settlement providing monetary relief to all class members despite the inherent risk of no recovery, and no class member objected. (Doc. 86, pp. 6–8); *see Camden*, 946 F.2d at 775. As for the requested costs, the Court agrees with reducing the requested award from $2,500.00 to $472.85 because these are the only costs that class counsel actually incurred. (*See* Doc. 86, pp. 8–9.) So the R&R is due to be adopted, the Fee Motion granted in part, and class counsel awarded $61,987.50 in attorney's fees and $472.85 in costs.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiffs' Settlement Motion (Doc. 78) is **GRANTED**.

2. The R&R (Doc. 86) is **ADOPTED**, **CONFIRMED**, and made a part of this Order in its entirety.

3. Plaintiffs' Fee Motion (Doc. 69) is **GRANTED IN PART AND DENIED IN PART**:

    a. The Motion is **GRANTED** in that class counsel is **AWARDED** $61,987.50 in attorney's fees and $472.85 in costs.

    b. In all other respects, the Motion is **DENIED**.

4. This Order incorporates by reference the definitions set forth in the Settlement. (*See* Doc. 63-4.) All terms used herein shall have the same meaning as set forth in the Settlement.

5. The Court **FINALLY APPROVES** the Settlement (Doc. 63-4) as fair, reasonable, and adequate.

6. The Court **CERTIFIES** the following class:

   All participants and beneficiaries in the Defendant's Health Plan at Defendant's Melbourne, Florida facility who were not sent a timely COBRA notice by Defendant during the applicable statute of limitations period as a result of a qualifying event, as determined by Defendant.

7. The Court **FINDS** it has personal jurisdiction over all settlement class members and Defendant.

8. The Court **DESIGNATES** Plaintiffs Heather Roll, David K. Ronan, and Colleen Ronan as class representatives.

9. The Court **APPOINTS** Donna V. Smith, Esq. as class counsel. (Doc. 63-4, ¶ 13; Doc. 66, p. 10.)

10. The Court **APPROVES**, as to form, content, and procedure, the Notice set forth in the Settlement (Doc. 63-4).

11. The parties and the settlement administrator are **DIRECTED** to implement the Settlement (Doc. 63-4) in accordance with its terms and provisions and in light of the Court's ruling on the fees.

12. This action is **DISMISSED WITH PREJUDICE**.

13. The Court **RETAINS JURISDICTION** over this action, the parties, class counsel, and the settlement class to enforce the terms of the Settlement and preside over issues arising from the distribution of the

settlement claims.

14. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 16, 2023.

ROY B. DALTON JR.
United States District Judge